IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DAMIEN JACKSON # 311788,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:24-cv-01479 |
| v. | ) |
| | ) Judge Trauger |
| **TDOC**, *et al.*, | ) Magistrate Judge Holmes |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

Damien Jackson, an inmate of the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se complaint under 42. U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). Plaintiff recently filed a "Motion to Move Case Forward." (Doc. No. 8).

**I. FILING FEE**

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2).

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

1

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Northwest Correctional Complex to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

2

Case 3:24-cv-01479    Document 9    Filed 09/12/25    Page 2 of 6 PageID #: 38

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. PLRA SCREENING OF THE COMPLAINT

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

3

**A. Section 1983 Standard**

Plaintiff brings his claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**B. Facts Alleged in the Complaint**

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

According to Plaintiff, Tennessee Department of Correction ("TDOC") policy grants a pay raise to inmates "after every year until the maximum pay rate has been reached." (Doc. No. 1 at 2). TDOC has committed "wage theft" by failing to grant Plaintiff a pay raise. (*Id.*) Defendants "all ruled against Plaintiff's complaint when they all knew or should have known" about TDOC's policy. (*Id.*) Plaintiff is entitled to $1,200 in lost wages.

**C. Analysis**

The sole claim in the complaint is for lost wages. According to Plaintiff, he should have been granted a pay raise after every year while working at a prison job because TDOC policy allows it.

First, Plaintiff cannot sustain a Section 1983 claim on allegations that Defendants fail to follow institutional policies and procedures, as TDOC policies are not matters of federal law. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (holding claims under Section 1983 can

4

only be brought for "deprivation of rights secured by the constitution and laws of the United States"); *Stanley v. Vining*, 602 F. 3d 767, 769 (6th Cir. 2010) (stating that "[i]t has long been established that violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983"). Accordingly, any claims relating to Defendants' failure to follow institutional policy will be dismissed.

Second, prisoners have no Fourteenth Amendment property or liberty interest in a prison job. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (". . . deprivations of this kind simply are not punishments. We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to rehabilitation [such as job and educational opportunities] violates the Constitution."); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs."); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no property or liberty interest in prison employment).

"As the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates." *Miller v. Campbell*, 108 F. Supp.2d 960, 967 (W.D. Tenn. 2000) (citations omitted). "Rather[,] prison administrators may assign inmates jobs and wages at their discretion." *Id*. Because Plaintiff has no property or liberty interest in either a paying job in prison or in receiving payment at any particular rate or schedule, the complaint fails to state a claim for relief under Section 1983 for the lost wages Plaintiff seeks. *See Sanford v. Armour*, No. 19-1270-JDT-cgc, 2020 WL 4369452, *6 (W.D. Tenn. July 30, 2020) (holding that prisoner-plaintiff had no constitutional right to a prison job promotion).

## III. CONCLUSION

Plaintiff's "Motion to Move Case Forward" (Doc. No. 8) is **GRANTED** insofar as the court has conducted the screening required by the PRLA herein.

Having done so, the court finds that the complaint fails to state claims upon which relief can be granted under Section 1983 as to all Defendants. Accordingly, this action is therefore **DISMISSED WITH PREJUDICE**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge